UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JERRY MCCRARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-CV-136-SNLJ |
| | ) |
| PAULA PHILLIPS REED, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on review of plaintiff's amended complaint [Doc. #4] under 28 U.S.C. § 1915A. Pursuant to § 1915A, the "court shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is to dismiss the complaint, or any portion, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth below, this action will be dismissed without prejudice.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950-52.  Moreover, the Court must give the complaint the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983.  The named defendants are SECC employees Paula Phillips Reed, Regina Beggs, Rebecca Neals, Crystal Stewart, Unknown Spitzer, Unknown Bagby, Unknown Concordia, and Ryn Moss.  Plaintiff is suing defendants in their individual and official capacities.

The amended complaint consists of numerous claims arising out of a multitude of separate occurrences that allegedly occurred during plaintiff's incarceration at SECC.  For instance, plaintiff claims that defendant Reed violated his right of access to the courts and overturned an expunged conduct violation, defendant Beggs "assigned plaintiff 30 days in the ad seg unit for a violation for failure to complete the [anger management] program when she knew plaintiff was never supposed to attend the program," defendant Neals denied plaintiff access to the copy machine, failed to copy documents that plaintiff had paid for, and

intentionally "held plaintiff's document-exhibits to prevent plaintiff from re-filing law suits," defendant Bagby gave plaintiff an unwarranted conduct violation and told plaintiff "to overpower another inmate," defendant Stewart failed to "process a green check for the court's fee" in a previously-filed case and abused the grievance process by failing to give plaintiff IRR forms when requested, defendant Concordia intentionally "vice-clamped the hand-cuffs on plaintiff['s] wrists," defendant Spitzer refused to take plaintiff's outgoing mail from February 1, 2015, to March 29, 2015, and defendant Moss prevented and then punished plaintiff for not attending an ad seg hearing and also "forc[ed] plaintiff to his cell" and then denied him his "legal property."

## Discussion

### 1. Permissive Joinder

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving multiple claims against multiple defendants. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d at 607. Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

At issue in this case is whether the eight named defendants are properly joined in this single action. See id. (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Simply stated, the instant action presents a case involving multiple claims against different defendants. Not only do plaintiff's claims pertain to and arise out of unrelated events, but his alleged injuries resulting from the various

5

occurrences are distinctly different. These occurrences and the claims arising out of each of them do not share common questions of law or fact. Plaintiff's claims will require their own review of entirely separate events asserted against different defendants. For these reasons, the Court concludes that the named defendants are not properly joined under Rule 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because the lead defendant in this case is Paula Phillips Reed, the Court will only consider the claims that plaintiff is asserting against this defendant. The Court will sever all of plaintiff's remaining claims against the other seven defendants and will dismiss them without prejudice. If plaintiff wishes to pursue any or all of these claims at a future time, he must do so in accordance with the Federal Rules of Civil Procedure, in separate actions.

### 2. Claims against defendant Paula Phillips Reed

Plaintiff alleges that Paula Phillips Reed violated his right of access to the courts by denying him "access to the law library, legal spending material of legal nature from law library, [and] . . . his legal property and legal materials" for certain cases he had brought. Plaintiff claims that Reed has a "strategy" to deny inmates

access to the law library when she knows a civil action has been brought against her. Plaintiff claims that Reed did not process a "green check" that was meant to be filed with this Court in another case. As a result, the case was dismissed without prejudice for failing to pay the filing fee. In addition, plaintiff alleges that Reed overturned an expunged conduct violation by changing "the violation from 18.2 Interfering with Count . . . to 19.1 Disobeying an Order," and consequently, plaintiff had to "remain in ad seg an extra 30 days of undue punishment."

Having carefully considered plaintiff's claims against Paula Phillips Reed, the Court finds that they are legally frivolous and fail to state a cause of action under § 1983. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

> Inmates undeniably enjoy a constitutional right of access to the courts and the legal system. *Lewis v. Casey*, 518 U.S. 343, ----, 116 S. Ct. 2174, 2179, 135 L. Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, 52 L. Ed.2d 72 (1977). To protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. *Casey*, 518 U.S. at ----, 116 S.Ct. at 2180; *Bounds*, 430 U.S. at 824-28, 97 S. Ct. at 1496-98. Inmates do not have a right, however, either to law libraries or to

> unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. *Casey*, 518 U.S. at ----, 116 S. Ct. at 2180; *Bounds*, 430 U.S. at 828, 97 S. Ct. at 1498.

*Myers*, 101 F.3d at 544. In the instant case, plaintiff does not allege any facts indicating that he sustained an actual injury to any of his legal claims. Although plaintiff states that he had a case dismissed because Reed did not send his check in on time, the dismissal was without prejudice, and it did not count as a "strike" against plaintiff. Plaintiff was able to refile his claims once the check was ready to be deposited with the Court, which he has now done, and it was always an option for plaintiff to file a motion for leave to proceed in forma pauperis if he did not have access to the funds needed to pay the filing fee.

Furthermore, plaintiff's allegations that defendant Reed changed an expunged conduct violation and placed him in administrative segregation for an extra thirty days do not state due process claims. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest is generally limited to freedom from restraint that imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (to prevail on due process claim, plaintiff must first demonstrate deprivation of life, liberty, or property; inmate was not deprived of liberty interest during nine months in ad seg);

*Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation for thirty days was not atypical and significant deprivation despite restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Plaintiff's allegations also do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. Sandin*, 515 U.S. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998)(same; two and a half years in administrative segregation); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary

detention).

Accordingly,

**IT IS HEREBY ORDERED** that, as to defendant Paula Phillips Reed, the Clerk of Court shall not issue process or cause process to issue in this action, because the amended complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Regina Beggs, Rebecca Neals, Crystal Stewart, Unknown Spitzer, Unknown Bagby, Unknown Concordia, and Ryn Moss are **SEVERED** from the instant action, and these defendants will be **DISMISSED** without prejudice, because they are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE